UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JIMMY RECO WILLIAMS,<br><br>                  Plaintiff,<br>     v.<br>BRANDON STUBBS, et al.,<br><br>                  Defendants. | Case No. 3:20-cv-00508-MMD-WGC<br><br>ORDER |

## I. DISCUSSION

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), initiated this action with a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1-1.) Plaintiff has since filed an affidavit, notices, and other complaints, which all appear to be attempts to add additional factual allegations to his complaint (ECF Nos. 4, 6, 7, 10, 13, 14.) Plaintiff has also filed a motion for update (ECF No. 11) a motion for recovery (ECF No. 15) and a motion for camera footage (ECF No. 16). These motions are all difficult to understand, but it appears that in each of them Plaintiff is attempting to add factual allegations to his complaint.

The Court will not piecemeal Plaintiff's complaint together. Plaintiff's operative complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. The Court will not consider any allegations in Plaintiff's various filings since the initial complaint, and the Court denies Plaintiff's motions (ECF Nos. 11, 15, 16), as they all appear to be attempts to add additional facts to the complaint. However, the Court grants Plaintiff leave to file a fully complete first amended complaint.

If Plaintiff chooses to file a first amended complaint, he is advised that a first amended complaint supersedes (replaces) the original complaint and, thus, the first amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the

1

original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's first amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the first amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's motions (ECF Nos. 11, 15, 16) are denied.

IT IS FURTHER ORDERED that, if Plaintiff chooses to file a first amended complaint, Plaintiff will file the first amended complaint within 30 days from the date of entry of this order.

IT IS FURTHER ORDERED that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his affidavits, notices, complaints, and motions (ECF Nos. 1-1, 4, 6, 8, 10, 11, 13, 14, 15, 16). If Plaintiff chooses to file a first amended complaint, he must use the approved form and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that, if Plaintiff does not timely file a first amended complaint, the Court will screen the original complaint (ECF No. 1-1) only and will not consider any allegations in Plaintiff's other filings (ECF Nos. 4, 6, 8, 10, 11, 13, 14, 15, 16).

DATED THIS  8th  day of June 2021.

William G. Cobb
UNITED STATES MAGISTRATE JUDGE